BOGGS, Circuit Judge,
dissenting.
I would affirm the judgment of the district court based on the bankruptcy court’s holding.
The court holds that the courts below applied the wrong legal standard, yet remands the case for additional factfinding. I believe that facts in the record, sufficient to affirm the judgment of the district court, support the judgments below, and we are not at liberty to disregard them in our deliberations.
We review the bankruptcy court’s findings of fact for clear error, its understanding of the legal standard for “willful and malicious” injury de novo, and its application of the standard to the facts de novo. If we determine that the factfinding below was not clearly erroneous, and that the proper legal standard applied to those facts indicates that Markowitz acted willfully and maliciously under § 523(a)(6) of the Bankruptcy Code, we must affirm the decision regardless of whether the courts below applied the correct legal standard.
I
The court finds an error of law below: improper reliance on our decision in Perkins in light of the Supreme Court’s later decision in Geiger. Regardless of the standard applied by the courts below, I believe that the facts supporting the bankruptcy court’s holding require affirmance under Geiger.
In Geiger, the Court explicitly adopted the intentional tort standard, which requires “that the actor intend ‘the consequences of the act,’ not simply ‘the act itself.’” Id. at 61-62, 118 S.Ct. at 977 (quoting Restatement (Second) of Torts § 8A, cmt. a, p. 15 (1-964)).
The Restatement (Second) of Torts, quoted with approval in Geiger, explicitly states that actual desire to cause the harmful consequences is not required. “The word ‘intent’ is used throughout the Restatement ... to denote that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it.” Restatement (Second) of Torts § 8A (emphasis added). “If the actor knows that the consequences are certain, or substantially certain, to result from his act, ... he is treated by the law as if he had in fact desired to produce the result.” Restatement (Second) of Torts § 8A, comment b.
Markowitz committed an intentional tort if he believed that harm to Campbell was substantially certain to result from his action or failure to act. The parties stipulated to the accuracy of the state trial record, and that there were no disputed issues of material fact. After assessing these facts, the bankruptcy court held that Markowitz’s actions were willful and malicious under § 523(a)(6), which I think is correct.
*467 II
The record clearly shows that Markow-itz changed his story about advising Campbell to respond to the Oakland County action. When he was sued, Markowitz denied that he advised Campbell not to respond to the Oakland action and declined responsibility for the results of the failure to defend the action. By the time of trial, Markowitz testified that he had recommended that course of action. Certainly, given Markowitz’s about-face, the bankruptcy court’s conclusion that Campbell’s harm was not caused by a negligent strategic failure is “plausible in light of the record viewed in its entirety.” Therefore, we cannot say on the record before us that it is clearly erroneous.
The parties stipulated that Markowitz knew that a default and default judgment would be entered if he failed to respond to the Oakland complaint; that he had read the Oakland County complaint and knew the relief sought by Mr. Campbell, and therefore the details of the default judgment that would be entered; that he made the decision not to respond in that action; that Campbell’s husband was seeking to enforce a support order against Campbell; and that her wages were being garnished.
No inference to constructive knowledge is necessary. Markowitz actually knew that Campbell was being harmed by the Oakland County judgment. He knew that Campbell’s husband was seeking to enforce a support order against Campbell. J.A. at 95. He also knew that her wages were being garnished. J.A. at 101-02, 104.[1] And while Markowitz acknowledges that he did respond to Campbell’s concerns by asking the friend of the court not to enforce the Oakland County judgment and by moving, after the judgment, to dismiss the Oakland County action, he did not follow through on either of these efforts.[2]
Markowitz knew that harm would come to Campbell as a result of his actions, and he did them anyway. Therefore, he must have believed that harm to Campbell was substantially certain to follow. His conduct satisfies the Geiger test and was properly held to be willful and malicious. In order to conclude that Markowitz’s actions do not meet the requirements of the Geiger test, one must set aside the bankruptcy court’s assessment of the stipulated facts.
Ill
We are not at liberty to hold that facts concerning whether Markowitz believed that his failure to act would have no effect, and consequently whether Markowitz did not believe that his actions were substantially certain to harm Campbell, have not been found. The bankruptcy court’s judgment rests on its assessment of the facts based on the parties’ stipulation that there were no disputed facts. Viewed in its entirety, the record supports the plausibili *468 ty of the bankruptcy court’s assessment. Applying the Geiger standard to these facts, Campbell is entitled to summary judgment. Markowitz’s actions were not merely severely poor strategy, they constituted an intentional tort.
I therefore respectfully dissent, and would affirm the judgment of the district court.

. Markowitz denied that he knew Campbell’s wages were being garnished at the time that he was representing her. J.A. at 100-01. However, when asked about the contents of a letter that Campbell wrote to him during his representation, which criticized Markowitz for failing to get the Oakland County default judgment properly set aside and to "put an end to Fletcher's ability to continuously garnishee [Campbell’s] wages,” J.A. at 102, Mar-kowitz testified that ”[w]e had already discussed all of it,” J.A. at 104.

. The friend of the court asked Markowitz to bring proof of the Wayne County action, which he never did. The Oakland County court granted Markowitz’s motion to dismiss, but instead of writing a proposed order himself or objecting to Mr. Campbell’s proposed order, Markowitz simply accepted Mr. Campbell’s proposed order. As it turned out, the dismissal was vacated on appeal because, after judgment had been entered, Markowitz should have moved to set aside the judgment rather than to dismiss.
Egregious as they sound, these blunders are not, by themselves, evidence that Markowitz constructively intended harm to Campbell. However, Markowitz’s erratic representation and his posturing about his actions refute his claim that he had the strategy he now claims to have had for the Campbell divorce (or, indeed, any strategy at all).